IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE GOINGS, JR.,

            Petitioner,                      No. 2:12-cv-1872 EFB P

    vs.

MATTHEW CATE, et al.,                   ORDER

            Respondents.

_____/

        Petitioner is a state prisoner without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges the decision of the California Board of Parole Hearings ("Board") to deny him parole at a parole consideration hearing held on October 27, 2010.  Petitioner claims the Board's decision was unconstitutional because it deferred his next suitability hearing for three years pursuant to Marsy's Law, in violation of the Ex Post Facto Clause.  Pet. 11-14.  He further claims that the Board's 2010 decision was unconstitutional because the Board found him unsuitable for parole based on his refusal to admit that he was guilty of the underlying offense and failure to secure a place to reside upon release prior to the hearing.  *Id*. at 15-16.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

1    Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a).

2    Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs

3    of suit.  Therefore, the request will be granted.  *See* 28 U.S.C. § 1915(a).  However, for the

4    reasons explained below, the court finds that petitioner's application for a writ of habeas corpus

5    must be dismissed.  *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of

6    habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not

7    entitled to relief in the district court").

8    **I.      Ex Post Facto Claim**

9          Petitioner first claims the Board violated the Ex Post Facto Clause by deferring his next

10   parole hearing for three years pursuant to California Proposition 9, also known as Marsy's Law.

11   As discussed below, the undersigned finds this claim must be dismissed because petitioner is a

12   member of the class in *Gilman v. Fisher*, No. CIV S-05-830 LKK GGH (*Gilman*), a class action

13   lawsuit which addresses this issue.

14         The Constitution provides that "No State shall . . . pass any . . . ex post facto Law."  U.S.

15   Const. art. I, § 10.  "The Ex Post Facto Clause of the Constitution prohibits our state and federal

16   governments from retroactively imposing additional punishment for commission of a criminal

17   offense." *American Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1052 (9th Cir.

18   2012).  A law violates the Ex Post Facto Clause of the United States Constitution if it: (1)

19   punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's

20   punishment greater than when the crime was committed; or (3) deprives a person of a defense

21   available at the time the crime was committed. *Collins v. Youngblood*, 497 U.S. 37, 52 (1990).

22   The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or

23   increase the punishment for criminal acts." *Himes v. Thompson*, 336 F.3d 848, 854 (9th Cir.

24   2003) (quoting *Souch v. Schaivo*, 289 F.3d 616, 620 (9th Cir. 2002)).  *See also Cal. Dep't of*

25   *Corr. v. Morales*, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is also violated if: (1)

26   state regulations have been applied retroactively; and (2) the new regulations have created a

2

1    "sufficient risk" of increasing the punishment attached to the crimes. *Himes*, 336 F.3d at 854.

2    Courts apply a two-step test to determine whether a newly enacted statute constitutes an

3    additional form of punishment. *ACLU of Nev.*, 670 F.3d at 1053. The first step "requires courts

4    to determine whether the legislature intended to impose a criminal punishment or whether its

5    intent was to enact a nonpunitive regulatory scheme." *Id.* If the legislature intended to impose

6    merely a civil regulatory regime, the court must determine whether "the law is 'so punitive either

7    in purpose or effect as to negate the State's intention to deem it civil.'" *Id.* The retroactive

8    application of a change in state parole procedures violates ex post facto only if there exists a

9    "significant risk" that such application will increase the punishment for the crime. *See Garner v.*

10   *Jones*, 529 U.S. 244, 259 (2000).

11           Petitioner alleges he was sentenced to twenty-five years to life in prison in 1986,

12   approximately 22 years prior to the passage of Marsy's Law in November 2008. Pet. 1. Marsy's

13   Law amended California law governing parole deferral periods. *See Gilman v. Davis*, 690 F.

14   Supp. 2d 1105, 1109–13 (E.D. Cal. 2010) (granting plaintiffs' motion for a preliminary

15   injunction enjoining enforcement of Marsy's Law, to the extent it amended former California

16   Penal Code § 3041.5(b)(2)(A)), *rev'd sub nom. Gilman v. Schwarzenegger*, 638 F.3d 1101 (9th

17   Cir. 2011). Prior to the enactment of Marsy's Law, the Board deferred subsequent parole

18   suitability hearings with respect to indeterminately-sentenced inmates for one year unless the

19   Board determined it was unreasonable to expect that parole could be granted the following year.

20   If that determination was made, the Board could then defer the inmate's subsequent parole

21   suitability hearing for up to five years. *See* Cal. Pen. Code § 3041.5(b)(2) (2008). Marsy's Law,

22   which applied to petitioner at the time of his 2010 parole suitability hearing, amended

23   § 3041.5(b)(2) to impose a minimum deferral period for subsequent parole suitability hearings of

24   three years, and to authorize the Board's deferral of a subsequent parole hearing for up to seven,

25   ten, or fifteen years. *Id.* § 3041.5(b)(3) (2010).

26   ////

3

One of the claims presented by the plaintiffs in the class action *Gilman* case is that the amendments to § 3041.5(b)(2) regarding parole deferral periods imposed under Marsy's Law violates the Ex Post Facto Clause because "when applied retroactively, [they] create a significant risk of increasing the measure of punishment attached to the original crime." (*Gilman*, Doc. No. 154–1 at 13 (Fourth Amended/Supplemental Complaint), Doc. No. 183 (Mar. 4, 2009 Order granting plaintiffs' motion for leave to file a Fourth Amended/Supplemental Complaint.))  With respect to this Ex Post Facto claim, the class in *Gilman* is comprised of "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." (*Gilman*, Doc. No. 340 (Apr. 25, 2011 Order amending definition of class.))  The *Gilman* plaintiffs seek declaratory and injunctive relief, including a permanent injunction enjoining the Board from enforcing the amendments to § 3041.5(b) enacted by Marsy's Law and requiring that the Board conduct a new parole consideration hearing for each member of the class.  (*Gilman*, Doc. No. 154–1 (Fourth Amended/Supplemental Complaint) at 14.)

In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure a court may, but is not required to, permit members to opt-out of the suit. *Crawford v. Honig*, 37 F.3d 485, 487 n.2 (9th Cir. 1994).  In certifying the *Gilman* class, the district court found that the plaintiffs satisfied the requirement of Rules 23(a) and 23(b)(2) that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  (*See Gilman*, Doc. No. 182 (Mar. 4, 2009 Order certifying class pursuant to Fed. R. Civ. P. 23(b)(2), Doc. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals Memorandum affirming district court's order certifying class.))  According to the district court in *Gilman*, the members of the class "may not maintain a separate, individual suit for equitable

////

////

4

1   relief involving the same subject matter of the class action." (*Gilman*, Doc. No. 296 (Dec. 10,

2   2010 Order) at 2; *see also* Doc. No. 278 (Oct. 1, 2010 Order), Doc. No. 276 (Sept. 28, 2010

3   Order), Doc. No. 274 (Sept. 23, 2010 Order.))

4            Petitioner alleges he is a California state prisoner who was sentenced to a life term in

5   prison with the possibility of parole for an offense that occurred before November 4, 2008.  Pet.

6   at 1.  Accepting petitioner's allegations as true, he is a member of the *Gilman* class.  Similar to

7   the plaintiffs in *Gilman*, petitioner in this habeas action alleges that Marsy's Law violates the Ex

8   Post Facto Clause because, when applied retroactively, it creates a risk of increasing the length

9   of his punishment.  Petitioner asks the court to issue a writ of habeas corpus.  However, even if

10  the court found that the Board's 2010 three-year deferral of petitioner's next parole suitability

11  hearing violated the Ex Post Facto Clause, it would not entitle petitioner to release on parole.

12  Because his Ex Post Facto claim concerns only the timing of petitioner's next parole suitability

13  hearing, success on that claim would not necessarily result in determinations that petitioner is

14  suitable for release from custody on parole.  Rather, petitioner's equitable relief would be limited

15  to an order directing the Board to conduct a new parole suitability hearing and enjoining the

16  Board from enforcing against petitioner any provisions of Marsy's Law found to be

17  unconstitutional.  This is the same relief petitioner would be entitled to as a member of the

18  pending *Gilman* class action.  (*See Gilman*, Doc. No. 154–1 (Fourth Amended/Supplemental

19  Complaint) at 14.)

20           Therefore, it appears clear that petitioner's rights will be fully protected by his

21  participation as a class member in the *Gilman* case.  Accordingly, petitioner's Ex Post Facto

22  claim presented by him in this federal habeas action will be dismissed without prejudice to any

23  relief that may be available to him as a member of the *Gilman* class.  *See Crawford v. Bell*, 599

24  F.2d 890, 892 (9th Cir. 1979) ("A court may choose not to exercise its jurisdiction when another

25  court having jurisdiction over the same matter has entertained it and can achieve the same

26  result."); *see also McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for

1   injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought

2   where there is an existing class action."); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir.

3   1988) ("To allow individual suits would interfere with the orderly administration of the class

4   action and risk inconsistent adjudications."); *Johnson v. Parole Board,* No. CV 12–3756–GHK

5   (CW), 2012 WL 3104867, at *2 (C.D. Cal. June 26, 2012) (recommending dismissal of

6   petitioner's Ex Post Facto challenge to Proposition 9 "without prejudice in light of the ongoing

7   *Gilman* class action.") (and cases cited therein), *report and recommendation adopted by* 2012

8   WL 3104863 (C.D. Cal. July 25, 2012).

9   **II.    Due Process Claim**

10          Petitioner further alleges that the Board's decision that petitioner was unsuitable for

11   parole was unconstitutional because it was based on petitioner's failure to discuss the

12   commitment offense and to secure a place to reside upon release.  Pet. 15-16.  Petitioner believes

13   that these reasons were not legitimate reasons for denying parole.  Essentially, petitioner is

14   arguing that the Board's decision was not supported by some evidence of his current

15   dangerousness.  Under California law, a prisoner is entitled to release unless there is "some

16   evidence" of his or her current dangerousness.  *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210

17   (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002).  According to the United States

18   Supreme Court, however, federal habeas review of a parole denial is limited to the narrow

19   question of whether a petitioner has received "fair procedures."  *Swarthout v. Cooke*, ___ U.S.

20   ___, 131 S.Ct. 859, 862 (2011).  In other words, a federal court may only review whether a

21   petitioner has received a meaningful opportunity to be heard and a statement of reasons why

22   parole was denied.  *Id*. at 862-63 (federal due process satisfied where petitioners were "allowed

23   to speak at their parole hearings and to contest the evidence against them, were afforded access

24   to their records in advance, and were notified as to the reasons why parole was denied").  Thus,

25   this court may not review whether the Board correctly applied California's "some evidence"

26   standard.  *Id*. at 862.

Petitioner does not allege that he was not afforded constitutionally adequate process as defined in *Swarthout*--that is, that he was denied a meaningful opportunity to be heard or a statement of reasons why the Board denied him parole.  Rather, it appears from the petition that petitioner was given the opportunity to be heard at his 2010 parole suitability hearing and received a statement of the reasons why parole was denied.  *See* Pet. 168-174 (noting both petitioner's participation in the hearing and the Board's reasons for denying parole).  This is all that due process requires.  *Swarthout*, 131 S.Ct. at 862-63.  Petitioner's contention that the reasons provided were insufficient to satisfy California's "some evidence" does not provide a basis for relief.  Accordingly, petitioner is not entitled to relief on this claim.

## III.    Conclusion

Based on the foregoing, the court concludes that the petition should be summarily dismissed for failure to state a cognizable claim.  There is no basis for concluding that a tenable claim for relief could be pleaded if leave to amend were granted.  *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

Accordingly, it is hereby ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted;

2. Petitioner's application for a writ of habeas corpus is dismissed;

3. The Clerk is directed to close the case; and

4. The Court declines to issue a certificate of appealability.

DATED: May 13, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7